FILED

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGIOS MANOLAKAKIS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE INSURANCE CORPORATION OF NEW YORK,<br><br>        Defendant. | Case No. F99-0034 CV (JKS)<br><br>O R D E R |

    There are a number of matters currently pending before this Court that will be addressed in this order. Both parties seek reconsideration of aspects of the Court's order at docket no. 92. Docket Nos. 98; 99. The Insurance Corporation of New York ("ICNY") argues that the Court incorrectly characterized its position. The Court has considered the nature of that alleged mischaracterization and concludes that it would not have made any difference to the resulting order. Plaintiff argues that the Court misread Justices Bryner and Fabe, whose remedy was limited to optional limits. Plaintiff argues that Alaska case law distinguishes between offers of UIM coverage which is mandated by statute, that is, an amount equal to liability limits and that may only be waived in writing, and optional limits that must be offered but may be waived orally. In Plaintiff's view Justices Bryner and Fabe only addressed the latter. Thus in the absence of a written waiver, which Plaintiff contends is not present in this case, reformation to equate UIM coverage with liability coverage is automatic. Plaintiff may be right and may ultimately prevail in connection with dispositive motions now pending but not yet ripe. However, Plaintiff's contention has no impact on the Court's prior order which only addressed matters that will be tried rather than addressed in dispositive motions. The two motions for reconsideration will therefore be denied.

    Plaintiff seeks relief regarding requests for admission it proffered to ICNY. Docket No. 86. The Court has considered this motion and concludes that the parties are debating the law, not the



facts. The Court concludes that ICNY has provided adequate answers to the interrogatories. No attorney fees will be awarded. The Court will therefore deny the motions at docket nos. 86 and 88.

ICNY moves to compel Plaintiff to provide further information about his damages. Docket No. 87. Plaintiff opposes, arguing that he has already provided ample information about his damages and that in any event since he has already been paid policy limits under the existing policy the only way he can obtain additional amounts is if the policy is reformed, in which case damages will be determined by arbitration. Docket No. 91. ICNY has replied, arguing that arbitration is not a certainty and more information about Plaintiff's damages might advance the potential for settlement. Docket No. 93. The Court is satisfied that the reformation issue should be resolved before further discovery is allowed into Plaintiff's damages. The Court will therefore deny the motion at docket no. 87 without prejudice to its renewal after the question of reformation is resolved.

Finally, in its order at docket no. 92 the Court indicated that trial of the reformation issues would be to a jury. Reformation is an equitable remedy typically tried to the court. Any decision as to an appropriate fact finder was premature at the time the order was entered. The Court will therefore amend the order to remove any reference to a jury without necessarily deciding that the case should not be submitted to a jury or advisory jury.

**IT IS THEREFORE ORDERED:**

The motions for reconsideration at **Docket Nos. 98 and 99** are **DENIED**. The motions at **Docket Nos. 86 and 88** are **DENIED**. The motion at **Docket No. 87** is **DENIED WITHOUT PREJUDICE** as outlined in this Order.

Dated at Anchorage, Alaska, this ___1___ day of December 2005.

JAMES K. SINGLETON, JR.
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 1999\F99-0034.006.wpd   2

F99-0034--CV (JKS)   pm  12/6/05

J. HEDLAND (HEDLAND)
G. ZIPKIN (GUESS)