Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone: (907) 793-2200
Fax:   (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant



FILED
DEC 1 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGIOS MANOLAKAKIS,<br><br>          Plaintiff,<br><br>vs.<br><br>THE INSURANCE CORPORATION<br>OF NEW YORK,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. F99-0034 Civil (JKS)

INSCORP'S OPPOSITION TO
PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT

Introduction

As discussed below, plaintiff's newest theory (not set forth in his Complaint or disclosures and not raised by the deadline set by this court for dispositive motions) would require INSCORP to have offered Mr. Selmani a specific limit for UM/UIM coverage not approved by the Division of Insurance -- $300,000 Combined Single Limit ("CSL"). Such an argument stands

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 1 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

104

plaintiff's prior arguments on their head, since plaintiff has steadfastly maintained that INSCORP's policy should be reformed to provide higher UM/UIM limits because INSCORP allegedly charged Mr. Selmani a premium that the Division of Insurance had approved only when INSCORP combined UM/UIM bodily injury coverage with UM/UIM property damage coverage.

In addition, plaintiff's newest theory ignores the crucial fact that Mr. Selmani was, in fact, offered the opportunity to purchase UM/UIM bodily injury limits in an amount for "per person" coverage exactly matching the amount of Mr. Selamni's liability limits for "per person" bodily injury coverage -- $300,000.

In addition, the court should reject plaintiff's motion because it has been filed four months after the deadline for motions for summary judgment.

INSCORP's offer to Bilal Selmani (the named insured) complied with AS 21.89.020(c). The purpose of that statute is to insure that an insurer offers Uninsured/Underinsured Motorist ("UM/UIM") coverage at the same benefit level as the liability coverage purchased. Here, INSCORP offered Mr. Selmani UM/UIM coverage that would have provided Mr. Manolakakis with the very same coverage as the liability limit Mr. Selmani elected to

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 2 of 10

purchase. However, Mr. Selmani expressly and knowingly selected the lowest available UM/UIM limit, rejecting all other levels of UM/UIM coverage. Mr. Manolakakis should not be permitted to reform the policy to provide coverage that Mr. Selmani expressly declined.

Mr. Manolakakis' new theory of recovery would have required that INSCORP offer coverage to Mr. Selmani in an amount neither filed nor approved by the Division of Insurance. INSCORP is not permitted to offer coverage not approved by the Division. AS 21.39.040(h). Plaintiff's new argument ignores the fact that the Division of Insurance has ultimate authority over all rate filings and must approve a rate for a limit of coverage before that limit can be offered to the public. Mr. Manolakakis is entitled only to that coverage which Mr. Selmani selected at the time he purchased the policy and at the limits approved by the Division of Insurance.

### Discussion

1.  Plaintiff's Motion Fails on Its Merits
    Because INSCORP's Offer Complied With AS 21.89.020

Plaintiff's claim that the "mirror image" rule requires that INSCORP offer $300,000/300,000 in UM/UIM coverage is incorrect. The "mirror image" rule does not require that INSCORP offer coverage in identical amounts. Rather, AS 21.89.020(c)(1)

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 3 of 10

requires only that an insurer offer "policy limits equal to the limits voluntarily purchased to cover the liability of the person...." "The evident purpose of [AS 21.89.020(c)] is to provide for the insured, as an injured claimant, the same benefit level as that provided by the insured to those asserting claims against the insured." State Farm Mut. Auto Ins. Co. v. Lawrence, 26 P.3d 1074, 1079 (Alaska 2001).

It is undisputed that INSCORP offered Mr. Selmani UM/UIM coverage with limits of $300,000/$500,000. See Plaintiff's Alternate Motion for Summary Judgment at 2, n.1; see also Selection/Rejection form, attached as Exhibit A to plaintiff's Alternate Motion for Summary Judgment.[1] Further, it is undisputed that this coverage would have provided the exact same benefit level to Mr. Manolakakis. Nevertheless, plaintiff seeks to penalize INSCORP for offering equal -- and, in fact, enhanced -- coverage.

Plaintiff's complaint is really that Mr. Selmani unequivocally rejected additional coverage above $50,000/$100,000. The fact is that Mr. Selmani's deposition testimony and previously filed affidavits show that he clearly

---

[1] It follows also that this selection/rejection form constitutes sufficient waiver of other UM/UIM limits by Mr. Selmani as he made a clear, knowing choice to reject all limits higher than $50,000/$100,000 as well as property damage.

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 4 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

rejected and intended to reject coverage in any amount higher than $50,000/$100,000. See Affidavit of Bilal Selmani dated March 29, 2000, in Support of Defendant's Opposition at ¶¶ 4-5, attached hereto as Exhibit H (explaining that he "willingly signed a form accepting $50,000/$100,000 split limits" and, although he "was aware that for an increase in premium I could receive more coverage....[he] made a business decision to accept the minimum $50,000/$100,000 split limits"); Deposition of Bilal Selmani at pp. 26, 42, attached as Exhibit I (admitting he wanted the cheapest insurance and did not want to pay any more than he did).[2] Plaintiff is not entitled to reform the policy simply because he does not like Mr. Selmani's selection.

Plaintiff's new theory contradicts arguments he has made throughout this case. Mr. Manolakakis has repeatedly argued that INSCORP is permitted only to charge amounts for coverage approved by the Division of Insurance. See Exhibit B, Plaintiff's Motion for Partial Summary Judgment at 2, 11; Exhibit C, Opposition to Motion for Summary Judgment at 8-9. Indeed, AS 21.39.040(h) permits insurers only to issue policies in accordance with the filings in effect with the Division of Insurance. Now plaintiff argue that INSCORP should have offered UM/UIM coverage in an amount <u>not</u> approved by the Division of

---

[2] Indeed, Mr. Selmani later confirmed that he did <u>not</u> want UM/UIM coverage in an amount higher than $50,000/$100,000. See Affidavit of Bilal Selmani dated May 16, 2000, at ¶ 7, attached as Exhibit J.

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
<u>Manolakakis v. INSCORP</u>; USDC Case No. F99-0034 CIV (JKS)
Page 5 of 10

Insurance and, therefore, an amount INSCORP was not legally permitted to offer.

As plaintiff well knows, <u>see</u> Exhibit B, Motion for Partial Summary Judgment at 2-5, INSCORP did not have an approved rate with the Division of Insurance for UM/UIM coverage of $300,000 combined single limits (CSL). It would have been illegal for INSCORP to make such an offer.[3] In fact, had INSCORP made such an offer, plaintiff would no doubt have argued that, by doing so, INSCORP violated the law and policy limits have to be reformed to the highest possible optional limit for UM/UIM bodily injury coverage.

2.  The Court Should Decline to Consider Plaintiff's "Alternate" Motion Because it is Untimely <u>and Raises Issues Not Alleged in the Complaint</u>.

On May 9, 2005 -- approximately five and a half years after plaintiff's complaint was first filed -- the court issued an order setting the deadlines for motions for summary judgment. <u>See</u> Minutes of the U.S. District Court, attached as Exhibit A. That order specifically required the parties to file cross-motions for summary judgment by August 12, 2005.

---

[3] INSCORP notes that the Division of Insurance reviewed INSCORP's filings, which set forth the proposed limits it would offer and the rates to be charged for those limits. The Division apparently saw no problem with INSCORP's failure to contain an option of $300,000/$300,000 and has <u>never</u> raised the issue. Indeed, the Division approved the 1993 filings without the $300,000/$300,000 CSL UM/UIM coverage.

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
<u>Manolakakis v. INSCORP</u>; USDC Case No. F99-0034 CIV (JKS)
Page 6 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

The parties filed motions for summary judgment on August 12. Plaintiff's motion, however, did not raise this "alternate" basis for summary judgment. <u>See</u> Plaintiff's Motion for Partial Summary Judgment (without exhibits), attached as Exhibit B.[4]

Now, nearly four months after the deadline set by the court, plaintiff has submitted this "alternate" motion for summary judgment. However, it is not accompanied by a motion for leave to file this untimely motion. Nor has plaintiff provided any justification for failing to raise this argument in the time permitted by the court's scheduling order. <u>See</u> Exhibit E.

The court should not permit plaintiff to evade the clear deadline set by the court for summary judgment motions. Since plaintiff's motion is untimely filed, and is done so without any explanation or justification, the court should not consider plaintiff's motion.

---

[4] Plaintiff did attempt to raise this in his Opposition to INSCORP's Motion for Summary Judgment. <u>See</u> Plaintiff's Opposition to Motion for Summary Judgment at 9-11, attached hereto as Exhibit C. However, as INSCORP pointed out in its reply, this was a "new theory" that was not raised in plaintiff's Motion for Summary Judgment filed on August 12. <u>See</u> Reply Re: INSCORP's Motion for Summary Judgment at 5, attached hereto as Exhibit D. This Court agreed, noting it would not rule on this argument since it required further development. Order of Court dated November 10, 2005 at 4, attached as Exhibit E.

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
<u>Manolakakis v. INSCORP</u>; USDC Case No. F99-0034 CIV (JKS)
Page 7 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

To compound matters, plaintiff's motion addresses an issue not even raised in the complaint. Plaintiff's complaint asserts that INSCORP failed to make a valid offer of UM/UIM coverage, but does so only on the basis that "[t]he only options for UM/UIM coverage purportedly offered were at premium rates that had been rejected by the Alaska Division of Insurance." Complaint at ¶ 15, attached hereto as Exhibit F. Up until plaintiff first thought of this theory -- apparently, some time after the deadline for filing motions for summary judgment -- he represented that his sole basis for recovery was the fact that INSCORP allegedly charged an illegal rate. See, e.g., Memorandum In Support of Motion for Partial Summary Judgment dated December 27, 1999 at 1, attached hereto as Exhibit G; see also Exhibit B. Plaintiff has never sought to amend his complaint or otherwise assert this claim until after the parties had spent numerous years gathering evidence and testimony on only the points previously raised.

## Conclusion

Mr. Manolakakis wants to reform the insurance policy to provide coverage to him for his accident in an amount ($300,000) expressly rejected by Mr. Selmani. Mr. Selmani made the voluntary choice to save money and purchase only $50,000/$100,000 UM/UIM bodily injury coverage rather than any of the optional limits, including a limit ($300,000/$500,000) which would have

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 8 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

provided Mr. Manolakakis up to $300,000 in "per person" limits -- the precise limit Mr. Selmani purchased for liability coverage.

Mr. Manolakakis advances a purely academic question -- why didn't INSCORP offer Mr. Selmani the opportunity to purchase $300,000 in "per accident" UM/UIM bodily injury coverage? The answer, as shown above, is that INSCORP offered the various limits for UM/UIM bodily injury coverage it was authorized by the Division of Insurance to offer to Mr. Selmani and Mr. Selmani rejected the opportunity to purchase $300,000 in "per person" UM/UIM bodily injury coverage.

Plaintiff suggests that INSCORP did not make a valid offer because it chose to abide by the law and *not* make an illegal offer. Plaintiff cannot have it both ways -- he cannot claim that INSCORP is liable for charging unapproved rates *and*, at the same time, insist that INSCORP offer unapproved coverage in order to avoid liability.

For the reasons stated above, plaintiff's Alternate Motion for Summary Judgment must be denied.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 9 of 10

DATED at Anchorage, Alaska, this 12th day of December, 2005.

GUESS & RUDD P.C.
Attorneys for the Insurance Company of New York

By: _____
Gary A. Zipkin
Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, I mailed a true and correct copy of the foregoing to the following counsel of record:

John S. Hedland, Esq.
Hedland, Brennan & Heideman
1227 West 9th Avenue, Suite 300
Anchorage, Alaska  99501

Guess & Rudd P.C.

By: _____
F:\DATA\5785\8\PLEADING\35 Opp Alternative MSJ.doc

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

OPPOSITION TO PLAINTIFF'S ALTERNATE MOTION FOR SUMMARY JUDGMENT
Manolakakis v. INSCORP; USDC Case No. F99-0034 CIV (JKS)
Page 10 of 10